STATE OF WEST VIRGINIA

**Jesse Howard Weaver Jr.,**
**Petitioner Below, Petitioner**

**vs.) No. 12-0944** (McDowell County 10-C-216)

**David Ballard, Warden, Mount Olive Correctional**
**Complex, Respondent Below, Respondent**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**MEMORANDUM DECISION**

Petitioner Jesse Weaver, by counsel Natalie Hager, appeals the May 16, 2012 order of the Circuit Court of McDowell County denying his petition for writ of habeas corpus. The respondent, by counsel Scott Johnson, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 1988, a McDowell County Grand Jury indicted petitioner on one count of first degree sexual assault. After a two-day jury trial, petitioner was found guilty of first degree sexual assault. The circuit court allowed petitioner to remain on bond pending his direct appeal to this Court. In October of 1990, the Court refused petitioner's direct appeal. Petitioner failed to attend his sentencing hearing and a capias was issued to secure his presence before the circuit court.[1] Following his return to the State of West Virginia, petitioner was sentenced to a term of incarceration of not less than fifteen years nor more than twenty-five years. On November 20, 2010, petitioner filed a petition for writ of habeas corpus. On April 2, 2012, the circuit court held an omnibus evidentiary hearing. Petitioner was denied habeas relief following this hearing by order entered on May 16, 2012.

On appeal, petitioner alleges that it was an abuse of discretion for the circuit court to deny his petition for writ of habeas corpus. Petitioner alleges that his trial counsel was ineffective and his conviction was based on insufficient evidence. In support of his assignments of error, petitioner argues that his trial counsel was ineffective because he failed to retain a medical expert to refute the testimony of Dr. Kwei who testified regarding the victim; he failed to effectively

---

[1] Petitioner remained a fugitive at large until he was captured in Virginia on June 18, 2008.

cross-examine the State's sole medical witness; he failed to retain a medical expert for an independent psychological examination of the victim; he failed to hire a private investigator; he failed to call critical witnesses; he failed to expose the victim's testimony as unreliable; and the medical records did not support the allegations. In response, the State first argues that petitioner has waived his rights to pursue post-conviction habeas corpus relief because he fled the circuit court's jurisdiction for eighteen years.[2] The State argues that the circuit court was correct to deny the petition for habeas relief because the record clearly fails to produce evidence to show that trial counsel's actions fell outside an objective standard of reasonableness, the record fails to contradict the circuit court's findings, the victim's testimony was sufficient to sustain a conviction, and the victim proved that he was competent during an in-camera hearing.

This Court has previously held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition for writ of habeas corpus. The circuit court clearly addressed all of petitioner's claims regarding alleged ineffective assistance of counsel and also addressed whether there was sufficient evidence to convict petitioner. Having reviewed the circuit court's "Order" entered on May 16, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 16, 2012 order denying the petition for writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2] The Court declines to address the State's argument based on equitable principles and will address petitioner's appeal on the merits of his claims.